FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Apr 28 2026

**KEVIN P. WEIMER** , Clerk

By: B. Evans
Deputy Clerk

# United States District Court

## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Thomas W. Ryan

**CRIMINAL COMPLAINT**

Case Number:  1:26-MJ-494

I, the undersigned complainant depose and say under penalty of perjury that the following is true and correct to the best of my knowledge and belief.  On or about April 27, 2026 in Clayton County, in the Northern District of Georgia, defendant did, while on an aircraft, that is, Delta Air Lines flight 2879, by assaulting or intimidating a flight crew member or flight attendant, interfere with the performance of the duties of the member or attendant or lessen the ability of the member or attendant to perform those duties,

in violation of Title 49, United States Code, Section 46504.

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

Signature of Complainant
Malcolm Washington

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

April 28, 2026                                    at    Atlanta, Georgia
Date                                                        City and State

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer                Signature of Judicial Officer
AUSA Paul Jones
Paul.Jones@usdoj.gov

I, Malcolm Washington, depose and say under penalty of perjury:

1. I make this affidavit in support of a criminal complaint charging THOMAS W. RYAN (hereafter referred to as RYAN) with a violation Title 49, United States Code, Section 46504, Interference with Flight Crew Members and Attendants, that occurred within the Special Maritime and Territorial Jurisdiction of the United States.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since April 2009. I am currently assigned to the Hartsfield-Jackson Atlanta International Airport (ATL) Office of the FBI, where I investigate violations of federal law which occur within the airport and aboard commercial aircraft.

3. Based on my training and experience and the facts set forth in this affidavit, I submit there is probable cause to believe that on April 27, 2026, while aboard Delta Air Lines flight 2879, traveling from Hartsfield-Jackson Atlanta International Airport in Atlanta, Georgia, to Chicago O'Hare International Airport (ORD), RYAN interfered with the performance of the duties of the flight attendants and crew.

4. On April 27, 2026, after Delta Air Lines flight 2879 had been delayed due to weather for approximately two hours, the flight boarded from gate D15. The flight departed the gate and taxied to the runway when Lead Flight Attendant (FA) N.L. received a call from the Captain that there would be another delay for an hour due to tower control traffic at ORD. After the call with N.L., the Captain made an announcement to the passengers about the delay and parked the plane within a landing pad off the runway.

5. Affiant conducted an interview of N.L.at the ATL Atlanta Police Department (APD) Domestic Precinct. N.L. advised that RYAN got out of his seat, 27C, immediately after the announcement and yelled that he wanted off the plane. N.L. was in the front of the plane when this occurred and was able to see RYAN get out of his seat and move towards the front. RYAN was asked to sit down and he complied and returned to his seat.

6. The crew began their drink service and RYAN got up again, moved towards the front of the plane, and N.L. advised that RYAN was more aggressive, yelling that the flight crew was playing games and that he was going to get off the plane. RYAN did return to his seat after being told to do so several times.

7. RYAN got up a third time and moved toward the front of the plane yelling that he was going to get off the plane and that he was going to open the door. After this, N.L called the Captain and communicated to the Captain a threat level 1, which is non-compliance with crew instructions and irrational or disorderly behavior.  The Captain asked if RYAN assaulted anyone and N.L. responded that he had not. Then the Captain asked to speak with RYAN. N.L. handed the phone to a crew member, FA L.A. and headed towards RYAN's direction because he had returned to his seat. Before N.L.

could get there, RYAN was up again and yelled that he was going to open the door and then walked towards his seat.

8. When N.L. arrived at RYAN's seat, 27C, N.L. observed two bags in the aisle and RYAN advised that the bags belonged to him. N.L. advised RYAN that the Captain wanted to speak to him. RYAN then grabbed his bags and walked behind N.L. RYAN arrived at the phone located within the front galley and spoke with the Captain. Then RYAN hung up and stormed towards the back of the plane. N.L. is not sure if he made it back to his seat. The Captain was still on the phone and N.L. was asked by the Captain if she felt safe, but before N.L. could answer, the Captain advised N.L. that he would return the plane to the gate and ask for law enforcement to remove RYAN. The Captain advised N.L. not to tell RYAN.

9. Before N.L. could hang up the phone, RYAN came rushing back towards the front of the plane, threw his bags at N.L. and then opened the front cabin door. The slide did not deploy as RYAN only managed to crack the door open. After this, N.L. advised that pandemonium ensued on the plane. N.L. provided Affiant a video from her phone of the Captain asking RYAN not to open the door and to return to his seat.

10. A passenger located in seat 1C was exiting the lavatory as RYAN opened the door and assisted N.L. The passenger yelled at RYAN telling him to get away from the door. RYAN yelled back and this exchange continued for a few minutes, but during this time N.L. was able to get the cabin door closed. RYAN eventually picked up his bags and returned to his seat.

11. N.L. notified the Captain, grabbed the restraining straps with L.A., but they were not utilized. Soon after the plane was at gate D32. Upon arrival, APD was present to take custody of RYAN and transported him to the domestic precinct where he was placed within the precinct's holding cell.

12. Upon Affiant's arrival at the APD Domestic Precinct, Affiant and APD Officer Ansari attempted to interview RYAN. Before the interview, RYAN was advised that he was in custody for inference with the flight crew and he would be provided his Miranda rights. RYAN advised that he did not hit anyone with his bags. Affiant advised RYAN that his Miranda rights should be read to him. Affiant read the rights and RYAN invoked his right to remain silent. Therefore, no interview was conducted.

13. Based on the facts set forth above, I respectfully submit that there exists probable cause to believe that THOMAS W. RYAN, while aboard an aircraft in the  special aircraft jurisdiction of the United States, that is, aboard Delta Air Lines flight 2789, en route from to Atlanta, Georgia, to Chicago, Illinois, interfered with the duties of the flight crew by intimidation, that is, he opened the cabin door of the aircraft, thereby causing the aircraft to return to the gate, in violation of Title 49, United States Code, Section 46504.